AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT

FOR THE **** District of **** COLUMBIA

UNITED STATES OF AMERICA
V.

BALFOUR BEATTY COMMUNITIES, LLC

**JUDGMENT IN A CRIMINAL CASE**
(For Organizational Defendants)

CASE NUMBER: CR 21-742-01 (EGS)

DAVID BITKOWER/MICHAEL MCCARTHY (DOJ)
Defendant Organization's Attorney

**FILED**
JAN 12 2022
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## THE DEFENDANT ORGANIZATION:

☑ pleaded guilty to count(s)   1 OF THE INFORMATION FILED ON 12/21/2021

☐ pleaded nolo contendere to count(s) ____
which was accepted by the court.

☐ was found guilty on count(s) ____
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1031(a)(1) | Major Fraud against the United States | 12/31/2019 | 1 |

The defendant organization is sentenced as provided in pages 2 through ___7___ of this judgment.

☐ The defendant organization has been found not guilty on count(s) ____

☐ Count(s) ____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: 26-2497824

Defendant Organization's Principal Business Address:

Balfour Beatty Communities, LLC
Attention: General Counsel
One Country View Road, Suite 100
Malvern, Pa 19355

12/22/2021
Date of Imposition of Judgment

Signature of Judge

EMMET G. SULLIVAN     U.S. District Judge
Name of Judge     Title of Judge

01/12/2022
Date

Defendant Organization's Mailing Address:

Balfour Beatty Communities, LLC
Attention: General Counsel
One Country View Road, Suite 100
Malvern, Pa 19355

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 2 — Probation

DEFENDANT ORGANIZATION: BALFOUR BEATTY COMMUNITIES, LLC
CASE NUMBER: CR 21-724-01 (EGS)

Judgment—Page 2 of 7

## PROBATION

The defendant organization is hereby sentenced to probation for a term of:
Three (3) Years Probation

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 2A — Probation

DEFENDANT ORGANIZATION: BALFOUR BEATTY COMMUNITIES, LLC
CASE NUMBER: CR 21-724-01 (EGS)

Judgment—Page 3 of 7

## ADDITIONAL PROBATION TERMS

The Defendant agrees to abide by all terms and obligations of Plea Agreement as described herein, including, but not limited to, the following:
a. to plead guilty as set forth in this Agreement;
b. to abide by all sentencing stipulations contained in this Agreement.
c. to appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter, consistent with all applicable U.S. and foreign laws, procedures, and regulations;
d. to commit no further crimes;
e. to be truthful at all times with the Court;
f. to pay the applicable fine and special assessment;
g. to continue to implement a compliance and ethics program designed to prevent and detect violations of U.S. anti-fraud laws throughout its operations, including but not limited to the minimum elements set forth in Attachment C of the Plea Agreement; and
h. to retain an independent compliance monitor in accordance with Attachment D of the Plea Agreement

The Defendant shall cooperate fully with the Fraud Section in any and all matters relating to the conduct described in the Plea Agreement and the attached Statement of Facts, and other conduct under investigation by the Fraud Section or any other component of the Department of Justice at any time during the Term, until the later of the date upon which all investigations and prosecutions arising out of such conduct are concluded, or three years from the date this Plea Agreement is entered. At the request of the Fraud Section, the Defendant shall also cooperate fully with other domestic or foreign law enforcement and regulatory authorities and agencies in any investigation of the Defendant, its parent company or its affiliates, or any of its present or former officers, directors, employees, agents, and consultants, or any other party, in any and all matters relating to the conduct described in this Agreement and the Statement of Facts. The Defendant's cooperation pursuant to this Paragraph is subject to applicable law and regulations, including data privacy and national security laws, as well as valid claims of attorney-client privilege or attorney work product doctrine; however, the Defendant must provide to the Fraud Section a log of any information or cooperation that is not provided based on an assertion of law, regulation, or privilege, and the Defendant bears the burden of establishing the validity of any such an assertion. The Defendant agrees that its cooperation pursuant to this paragraph shall include, but not be limited to, the following:

a. The Defendant shall timely and truthfully disclose to the Fraud Section all factual information with respect to its activities, those of its parent company and affiliates, and those of its present and former directors, officers, employees, agents, and consultants, and those of its subsidiaries, including any evidence or allegations and internal or external investigations, about which the Defendant has any knowledge or about which the Fraud Section may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of the Defendant to provide to the Fraud Section, upon request, any document, record or other tangible evidence about which the Fraud Section may inquire of the Defendant.

b. Upon request of the Fraud Section, the Defendant shall designate knowledgeable employees, agents or attorneys to provide to the Fraud Section the information and materials described in Paragraph 10(a) above on behalf of the Defendant. It is further understood that the Defendant must at all times provide complete, truthful, and accurate information.

c. The Defendant shall use its best efforts to make available for interviews or testimony, as requested by the Fraud Section, present or former officers, directors, employees, agents and consultants of the Defendant and any subsidiaries of the Defendant. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with domestic or foreign law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of the Defendant, may have material information regarding the matters under investigation.

d. With respect to any information, testimony, documents, records or other tangible evidence provided to the Fraud Section pursuant to this Agreement, the Defendant consents to any and all disclosures to other governmental authorities including United States authorities and those of a foreign government of such materials as the Fraud Section, in its sole discretion, shall deem appropriate.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
          Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: BALFOUR BEATTY COMMUNITIES, LLC
CASE NUMBER: CR 21-724-01 (EGS)

Judgment — Page 4 of 7

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 33,660,000.00 | $ 31,872,209.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

     ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3A — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: BALFOUR BEATTY COMMUNITIES, LLC
CASE NUMBER: CR 21-724-01 (EGS)

Judgment — Page 5 of 7

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Restitution of $31,872,209.00 is offset by $12,981,261.91, which is the total amount of restitution that Defendant will pay pursuant to the settlement between Defendant and the Civil Division of the Department of Justice. Accordingly, Defendant shall pay restitution of $18,890,947.09 to the following entities and accounts for the benefit of military housing projects.

a. $7,000,000.00 to be deposited in the AETC Group I Reinvestment Account, Wells Fargo Account Number 23722512
b. $8,340,947.09 to be deposited in the Lackland Reinvestment Account, Wells Fargo Account Number 23723008
c. $2,800,000.00 to be deposited in the AMC West Reinvestment Account, Wells Fargo Account Number 23723713
d. $450,000.00 to be deposited in the Western Group Reinvestment Account, Wells Fargo Account Number 66160314
e. $100,000.00 to be deposited in the Northern Group Reinvestment Account, Wells Fargo Account Number 163387011
f. $100,000.00 ACC to be deposited in the ACC Group III Reinvestment Account, Wells Fargo Account Number 206324005
g. $100,000.00 to be deposited in the Vandenberg Reinvestment Account, Wells Fargo Account Number 23722713

Restitution of $31,872,209.00 is payable in full within thirty days of the entry of judgment

The criminal fine of $33,660,000.00 is payable in full within thirty days of the entry of judgment.

The defendant shall pay to the Clerk of the Court for the United States District Court for the District of Columbia within ten days of the time of sentencing the mandatory special assessment of $400 per count.